# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

October 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC,**
**Employer Below, Petitioner**

**vs.)    No. 13-0793** (BOR Appeal Nos. 2047953, 2048080)
                                 (Claim No. 2010125849)

**JEREMY SMITH,**
**Claimant Below, Respondent**

**AND**

**JEREMY SMITH,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0795** (BOR Appeal Nos. 2047953, 2048080)
                                 (Claim No. 2010125849)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

These consolidated cases arise out of a consolidated Order of the Workers' Compensation Board of Review concerning Mr. Smith's entitlement to chiropractic treatment, epidural steroid injections, and a consultation with David Caraway, M.D.[1]

In Case Number 13-0793, SWVA, Inc., the petitioner, by Steven K. Wellman, its attorney, appeals the Board of Review's Final Order dated July 1, 2013, in which the Board affirmed November 21, 2012, and January 29, 2013, Orders of the Workers' Compensation Office of Judges. In its November 21, 2012, Order, the Office of Judges reversed the claims

---

[1] By an Order dated May 30, 2014, this Court consolidated Case Numbers 13-0793 and 13-0795 for purposes of consideration and decision.

1

administrator's February 1, 2012, decision which denied a repeat interventional consultation with Dr. Caraway for up to two epidural steroid injections. In its January 29, 2013, Order, the Office of Judges reversed the claims administrator's April 20, 2012, decision denying lumbar epidural steroid injections. In Case Number 13-0795, Jeremy Smith, by Edwin H. Pancake, his attorney, appeals the Board of Review's Final Order dated July 1, 2013, in which the Board affirmed a November 21, 2012, Order of the Workers' Compensation Office of Judges. In its November 21, 2012, Order, the Office of Judges affirmed the claims administrator's December 14, 2011, decision denying chiropractic treatment one to two times per week. The West Virginia Office of the Insurance Commissioner, by Matthew Williams, its attorney, filed a timely response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith, a laborer, was injured in the course of his employment on January 11, 2010, while hooking chains to a crane. His claim was held compensable for lumbar sprain/strain. In December of 2010, the claims administrator authorized an interventional consultation with Dr. Caraway. In February of 2011, lumbar epidural steroid injections were authorized. Mr. Smith underwent the injections and Randall James, D.O., Mr. Smith's treating physician, reported in a January 17, 2012, treatment note that the treatment helped relieve the lower back pain. Dr. James also stated that a neurosurgical consultation and repeat lumbar spine injections were warranted and that Mr. Smith was not at maximum medical improvement. He reported in March of 2012, that Mr. Smith was seen by Brett Osborn, M.D., a neurosurgeon. Dr. Osborn recommended repeat epidural lumbar spine injections as well. He also recommended chiropractic treatments.

Mr. Smith testified in a February 27, 2012, deposition that he had been under the treatment of chiropractor Misty Hutchinson, for approximately eight years. Prior to his work-related injury, he saw her for therapeutic massages and adjustments due to the heavy lifting that his job requires. After the compensable injury, Dr. Hutchinson diagnosed lumbosacral sprain/strain, lumbar displacement syndrome, and lumbar segmental dysfunction. His prognosis was deemed to be fair and she recommended ultrasound, cryotherapy, electrical muscle stimulation, and adjustments.

Marsha Bailey, M.D., performed an independent medical evaluation of Mr. Smith on September 15, 2011. At that time, he reported left lower back pain that radiated into his thoracic spine and stabbing pain radiating into his right buttock. She diagnosed chronic lower back pain without radiculopathy and found him to be at maximum medical improvement. She assessed 5% whole person impairment and apportioned 3% to pre-existing lower back pain and 2% to the compensable injury. She stated that a consultation with a neurosurgeon may be reasonable in order to alleviate Mr. Smith's concerns regarding his condition.

The claims administrator denied a request for chiropractic treatment one to two times per week in its December 14, 2011, decision. On February 1, 2012, the claims administrator denied a repeat interventional consultation with Dr. Caraway for up to two epidural steroid injections. In its April 20, 2012, decision, the claims administrator again denied lumbar epidural steroid injections.

The Office of Judges affirmed the claims administrator's December 14, 2011, decision in its November 21, 2012, Order. The Office of Judges found that the claims administrator denied chiropractic treatment based upon the fact that Dr. Hutchinson is not Mr. Smith's treating physician. Mr. Smith testified in deposition that he was treated by Dr. Hutchinson for approximately eight years and saw her prior to his compensable injury. He also stated that though Dr. James recommended he undergo chiropractic treatment, he did not refer him to Dr. Hutchinson. The Office of Judges found that the claims administrator did not technically err in denying the request on the basis that Dr. Hutchinson is not Mr. Smith's treating physician; however, the claims administrator is still required to provide all reasonable and necessary medical treatment and a determination of whether the requested chiropractic treatment met those requirements was still necessary. The Office of Judges determined that although Mr. Smith continued to be treated by Dr. Hutchinson as of the time of his February 27, 2012, deposition, the only treatment note of record from Dr. Hutchinson is one dated August 1, 2011, over four months prior to the request at issue. The actual request is not of record and there is no current medical information from Dr. Hutchinson which indicates the kind of treatment being requested, the reason for the request, or whether the request is related to the compensable injury. Therefore, the Office of Judges determined that Mr. Smith failed to meet his burden of proof to establish that chiropractic treatment was medically necessary and reasonably required for the treatment of his compensable injury.

In a November 21, 2012, Order, the Office of Judges also reversed the claims administrator's February 1, 2012, decision and granted a repeat interventional consultation with Dr. Caraway for up to two epidural steroid injections. The Office of Judges determined that the claims administrator's decision was based upon Dr. Bailey's independent medical evaluation in which she found that Mr. Smith had reached maximum medical improvement. However, the Office of Judges noted that a finding of maximum medical improvement does not, in and of itself, preclude all further treatment. A similar consultation was authorized by the claims administrator in an Order dated December 7, 2010, and Mr. Smith underwent epidural steroid injections that proved to be successful in relieving his lower back pain. At the time of the claims administrator's authorization, the only compensable component of the claim was lumbar sprain/strain. The Office of Judges stated that though SWVA, Inc., argues per West Virginia Code of State Rules § 85-20-37.5 (2006) that a sprain/strain should resolve in eight weeks, it is notable that when the previous injections were authorized Mr. Smith had already exceeded the guidelines. The Office of Judges found that Dr. James's March 20, 2011, treatment note stated that Mr. Smith was seen by Dr. Osborn, a neurosurgeon. Dr. Osborn recommended repeat epidural steroid injections and Dr. James agreed with the recommendation and noted that the previous injections had allowed Mr. Smith to continue to work.

3

SWVA, Inc., argued before the Office of Judges that the injections were for the treatment of a pinched nerve which is not a compensable component of the claim. The Office of Judges found that though Mr. Smith does have a pinched nerve, it could not be ignored that the claims administrator previously deemed a consultation and epidural steroid injections appropriate medical treatment for the compensable injury. The Office of Judges determined that even accepting Dr. Bailey's determination that Mr. Smith was at maximum medical improvement, the prior injections were useful in keeping his condition stable and allowing him to continue working.

In its January 29, 2013, Order, the Office of Judges noted that epidural steroid injections were authorized by an Order entered November 21, 2012. The Office of Judges reiterated the reasoning from the November Order and again authorized the injections. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed both Orders in its July 1, 2012, decision. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum